960 So.2d 973 (2007)
GREAT WEST CASUALTY CO., Kokesch Trucking, Inc., and Stan Koch & Sons, Inc.
v.
The STATE of Louisiana through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
Ralph Geier
v.
State of Louisiana through the Development of Transportation and Development.
No. 2006 CA 1776, 2006 CA 1777.
Court of Appeal of Louisiana, First Circuit.
March 28, 2007.
Rehearing Denied May 11, 2007.
*974 Christopher M. G'Sell, New Orleans, for Plaintiffs-Appellees Great West Casualty Co., Kokesch Trucking, Inc. and Stan Koch & Sons, Inc.
Edward A. Shamis, Jr., Slidell, for Plaintiff-Appellee Ralph Geier.
John H. Ayres, III, Baton Rouge, for Defendant-Appellant the State of Louisiana through the Department of Transportation and Development.
Before: PETTIGREW, DOWNING, and HUGHES, JJ.
PETTIGREW, J.
On March 31, 1991, Ralph Geier, a resident of Minnesota, was injured when the semi-tractor trailer truck he was operating on I-12 in Slidell, Louisiana, overturned as he attempted to exit onto the I-59 exit ramp. At the time of the accident, Mr. Geier was operating a truck owned by his employer, Kokesch Trucking, Inc. ("Kokesch") and/or Stan Koch & Sons, Inc. *975 ("Stan Koch"), and insured by Great West Casualty Company ("Great West"). As a result of the injuries sustained by Mr. Geier in the accident, Great West paid damages to Mr. Geier on behalf of Kokesch and Stan Koch. Great West, Kokesch, and Stan Koch subsequently filed suit against the State of Louisiana through the Department of Transportation and Development ("DOTD") seeking reimbursement for the damages paid to Mr. Geier.
In a separate action, Mr. Geier filed suit against DOTD, alleging negligence and strict liability and seeking damages for past, present, and future mental and physical pain and suffering, past and future medicals, past and future lost wages, and permanent impairment of physical function and disability. Thereafter, the suits were consolidated, and a bench trial was conducted on June 28-29, 2005. After hearing the evidence, the trial court took the matter under advisement and, on September 28, 2005, issued reasons for judgment finding in favor of Mr. Geier. The trial court found that DOTD was fully responsible for the accident and awarded damages as follows: past medical expenses in the amount of $77,298.60; past lost wages in the amount of $222,282.72; and past pain and suffering in the amount of $300,000.00. The court also found in favor of Great West in the amount of $33,423.50 and in favor of Kokesch and Stan Koch in the amount of $47,792.60. Judgments in accordance with the court's findings were signed on January 17, 2006, and January 18, 2006, respectively.[1]
DOTD has appealed, assigning the following specifications of error:[2]
1. The trial court erred in allowing plaintiffs recovery of damages subrogated to The Minnesota Department of Labor and Industry; the collateral source rule of damages has no application given the existence of a subrogation clause;
2. The trial court erred in apportioning fault to the DOTD and none to Plaintiff.[3]
For the reasons that follow, we affirm.

APPLICATION OF COLLATERAL SOURCE RULE
On appeal, DOTD argues that the trial court erred as a matter of law in its application *976 of the collateral source rule in the face of a subrogation clause and in awarding damages to Mr. Geier that belonged to the subrogee, the Minnesota Department of Labor and Industry ("MDOL"). DOTD alleges that this award not only unjustly enriches Mr. Geier but also inures to the benefit of the wrongdoer, Kokesch, who should have paid the sums.
In response, Mr. Geier contends that the State of Minnesota chose to confer a gratuitous benefit upon him by paying his medical bills, lost wages, and disability benefits from the MDOL's Special Compensation Fund. Moreover, Mr. Geier asserts that in a letter dated April 25, 2002, MDOL evidenced its intent to waive any right to subrogation, stating "This letter is confirming that the [MDOL's] Special Compensation Fund, which has paid worker's compensation benefits to [Mr.] Geier related to this injury, will not be seeking reimbursement for benefits it has paid." Thus, Mr. Geier maintains, the collateral source rule is applicable in this case, and the trial court's judgment should be affirmed. We agree.
The collateral source rule is of common law origin yet it is well-established in the jurisprudence of this state. Louisiana Dep't of Transp. and Dev. v. Kansas City Southern Ry. Co., 2002-2349, p. 6 (La.5/20/03), 846 So.2d 734, 739. Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be diminished, because of benefits received by the plaintiff from sources independent of the tortfeasor's procuration or contribution. Sutton v. Lambert, 94-2301, p. 14 (La.App. 1 Cir. 6/23/95), 657 So.2d 697, 706, writ denied, 95-1859 (La.11/3/95), 661 So.2d 1384.
According to Restatement (Second) of Torts § 920A (1979):
(1) A payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability.
(2) Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable.
Thus, a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor, and if the plaintiff was himself responsible for the benefit, as by maintaining his own insurance or by making advantageous employment arrangements, the law allows him to keep it for himself. See Restatement (Second) of Torts § 920A comment b.
Subrogation is an exception to the collateral source rule. See Sutton, 94-2301 at p. 15, 657 So.2d at 706-707. Thus, the collateral source rule is inapplicable where the right of subrogation is involved, even if the party subrogated does not appear to assert its subrogation rights and the defendants do not timely object to the nonjoinder of the necessary party. Id. *977 Where subrogation is proven, the plaintiff may recover only his remaining interest in the partially subrogated claim. Southern Farm Bureau Cas. Ins. Co. v. Sonnier, 406 So.2d 178, 180 (La.1981); see also La.Code Civ. Proc. art. 697. Moreover, a subrogation can be assigned to the insured, who then has a right of action to enforce it. Sutton, 94-2301 at p. 16, 657 So.2d at 707.
After hearing from the witnesses and considering the documentary evidence in the record, the trial court made the following findings concerning the application of the collateral source rule:
Damages. Mr. Geier did not have personal health insurance nor did he have coverage provided by his employer. As a resident of Minnesota, he [benefited] from the Minnesota Dept. Of Labor and Industry's Special Compensation Fund which paid his medical expenses, lost wages and a lump sum for partial permanent disability. The Minnesota Department of Labor and Industry by letter dated April 25, 2003 declined to seek reimbursement for the benefits it paid to Mr. Geier.
The Supreme Court in La. DOTD v. Kansas City Southern Railway Co., 846 So.2d 734 (La.2003) and Bozeman v. State, 879 So.2d 692 (La.2004) discussed the Louisiana collateral source rule at length. Both cases deal with the ability of plaintiffs to receive amounts "written off" in the case of Medicaid payments (Bozeman) or Federal reimbursement for environmental cleanup (La. DOTD). The Court clearly describes the history of the collateral source rule and its goal that the tortfeasor not benefit as a result of payment by another source. In Bozeman, the court put limits on the amount which can be claimed under the rule but allowed collection of the full amount (including "write offs") where the plaintiff was forced to reduce his patrimony in order to obtain the collateral source benefit. In the present case, Minnesota declined to seek reimbursement for amounts paid to Mr. Geier after initially reserving its rights to subrogation in a settlement dated October 2, 1991. Minnesota paid all Mr. Geier's medical and lost wage expenses and Mr. Geier's income tax returns reflect only that income and income from his part-time trucking work. Clearly, from the evidence presented and the Court's observance of Mr. Geier during his testimony, the collateral source rule is applicable in light of the Bozeman ruling.
Following a thorough review of the record and applicable law, we find no error in the trial court's findings in this regard. The MDOL Special Compensation Fund clearly had a statutory right of subrogation as set forth in Minn.Stat. Ann. § 176.061. However, as correctly noted by Mr. Geier in brief to this court, the MDOL Special Compensation Fund opted to waive this right as evidenced by its letter to Mr. Geier's counsel on April 25, 2002. Accordingly, as the right of subrogation was waived herein, the trial court was correct in its application of the collateral source rule. This assignment of error is without merit.

ALLOCATION OF FAULT
In its second assignment of error, DOTD argues the trial court was clearly wrong in assessing 100 percent of the fault against it. DOTD contends that Mr. Geier had a duty to exercise due diligence and keep a sharp and attentive lookout. Mr. Geier counters, noting that the evidence of DOTD's fault is overwhelming and that based on the manifest error standard of review, the trial court's findings should not be disturbed.
It is well settled that the allocation of fault is a factual matter within the sound discretion of the trier of fact and *978 will not be disturbed on appeal in the absence of manifest error. Birdsall v. Regional Electric & Construction, Inc., 97-0712, p. 4 (La.App. 1 Cir. 4/8/98), 710 So.2d 1164, 1168. If an appellate court finds a clearly wrong apportionment of fault, it should adjust the award, but then only to the extent of lowering or raising it to the highest or lowest point respectively that is reasonably within the trial court's discretion. Clement v. Frey, 95-1119, 95-1163, pp. 7-8 (La.1/16/96), 666 So.2d 607, 611. However, when there is evidence before the trial court that, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, the appellate court should not disturb this finding absent manifest error. Adams v. Parish of East Baton Rouge, XXXX-XXXX, p. 23 (La.App. 1 Cir. 11/14/01), 804 So.2d 679, 698, writ denied, XXXX-XXXX (La.4/19/02), 813 So.2d 1090. The manifest error standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
After hearing the testimony of the witnesses and considering the applicable law, the court offered the following reasons for judgment concerning the allocation of fault:
This case rests largely on the credibility of one of the plaintiffs, Ralph Geier, and his account of the accident. The fact that this was an incredibly dangerous ramp from 1-12 to 1-59 cannot be seriously questioned. It failed to comply with the guidelines of AASHO and was notoriously dangerous to the knowledge of DOTD. The cloverleaf-style ramp had a compound curve with a much too sharp radius, made even more dangerous by a shoulder on which a rollover was almost a certainty once a truck drove onto its surface. Making the condition even more dangerous, the ramp had inadequate signage, and DOTD knew of the danger the posed to truckers. Though there was a slightly larger-than-usual ramp advisory speed sign for 25 mph, but that was it! There was no tipping-truck warning, no Warning Curve sign, no chevrons, and no special painting. The proper signage was most important to truckers who, like Mr. Geier, were unfamiliar with the ramp and the danger it posed.
The Court finds the testimony of Mr. Geier was extremely credible and worthy of belief. Mr. Geier acted properly, braking to or very near the advisory speed. When confronted with the sharpness of the compound curve, he traveled onto the paved shoulder and at that point the rollover became inevitable.
This accident was easily and very feasibly preventable by the mere placement of adequate signage and provision of an adequate and safe shoulder. DOTD did not choose these actions, though they could have done so for next-to-nothing in the case of signage and for relatively little as to the shoulder. Instead, it took the personal tragedy suffered by Mr. Geier in order for DOTD to do what should have been done earlier. The Court finds DOTD to be fully responsible for this accident and the injuries suffered by the plaintiffs.
Having thoroughly reviewed the testimony concerning the accident, and mindful of the great deference we must afford the trier of fact, we cannot say the trial court's assessment of fault was in error. Considering the record in its entirety, we are satisfied that it reasonably supports the *979 court's conclusion that DOTD was 100 percent at fault in causing this accident.

CONCLUSION
For the above and foregoing reasons, we affirm the judgment of the trial court and assess appeal costs in the amount of $2,184.72 against DOTD. We issue this memorandum opinion in accordance with Uniform RulesCourts of Appeal, Rule 2-16.1 B.
AFFIRMED.
NOTES
[1] Kokesch and Stan Koch subsequently filed a motion for new trial seeking an increase in damages and separate damage awards so that their damage awards would be $78,557.00 and $42,909.60, respectively. DOTD also filed a motion for new trial solely on the issue of the admissibility of the deposition of a representative from the Minnesota Department of Labor and Industry. On May 3 and May 8, 2006, respectively, the trial court signed judgments granting, in part, DOTD's motion for new trial (solely for the purpose of reopening the record and admitting the deposition of Bruce Larson into evidence) and granting, in part, Kokesch and Stan Koch's motion for new trial. The May 8, 2006 judgment awarded Kokesch $5,702.00 in damages and awarded Stan Koch $42,090.60 in damages.
[2] We note the appeal motions filed by DOTD refer only to the judgments of May 3 and May 8, 2006. The denial of a motion for new trial is not an appealable judgment, absent a showing of irreparable injury. However, the Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from the appellant's brief that the intent was to appeal the merits of the case. Smith v. Hartford Acc. & Indem. Co., 254 La. 341, 347-49, 223 So.2d 826, 828-29 (1969); Day v. Day, XXXX-XXXX, p. 4 n. 4 (La.App. 1 Cir. 5/28/03), 858 So.2d 483, 486 n. 4, writ denied, XXXX-XXXX (La.11/7/03), 857 So.2d 492. In the instant case, it is clear from the record and from DOTD's brief that DOTD intended to appeal the substantive issues decided by the trial court. Therefore, we will treat this as an appeal of the January 17 and 18, 2006 judgments on the merits.
[3] Mr. Geier answered the appeal, arguing that the trial court erred in admitting the deposition of Bruce Larson into evidence as it was in violation of the collateral source rule of evidence. Generally, the trial court is granted broad discretion on its evidentiary rulings and its determinations will not be disturbed on appeal absent a clear abuse of that discretion. Smith v. Smith, 2004-2168, p. 14 (La. App. 1 Cir. 9/28/05), 923 So.2d 732, 742. Except as otherwise provided by law, all relevant evidence is admissible. La.Code Evid. art. 402. Based on our review of the record herein, we find no abuse of the trial court's discretion in admitting Mr. Larson's deposition into evidence and, thus, find no merit to Mr. Geier's argument to the contrary. Mr. Geier also raised issues in his answer concerning (1) the trial court's failure to award damages for future medical expenses; (2) the trial court's failure to award adequate general damages; and (3) the frivolous nature of DOTD's appeal. However, in brief to this court, Mr. Geier indicated that "upon further reflection," he had decided not to pursue these issues on appeal. Thus, we need not address these assignments of error.