JODIE LEWIS
v.
FAMILY DOLLAR STORE #3988, AKC PIZZA D/B/A DOMINO'S PIZZA, its insurer FIREMAN'S FUND INSURANCE CO., AND DOMINO'S PIZZA I, INC.
No. 2007 CA 1354.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
Not Designated for Publication
ALLEN J. MYLES, TEDRICK K. KNIGHTSHEAD, Plaquemine, La, attorneys for Plaintiff-Appellant, Jodie Lewis.
JACK E. TRUITT, JENNIFER CORTES POIRIER, Madisonville, La, attorneys for Defendant-Appellee, Family Dollar Stores of Louisiana, Inc.
Before: CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
This is an action for personal injuries allegedly sustained by the plaintiff when she tripped and fell on an object dropped by an employee of one of several defendants that were tenants of a strip shopping center. Following a jury trial, a verdict was returned in favor of the plaintiff that apportioned fault between the two defendant-merchants and the plaintiff. From this judgment the plaintiff has appealed. We hereby affirm.

FACTS
Jodie G. Lewis, petitioner herein, alleged that she sustained physical injury on Thursday, August 29, 2002, when she tripped and fell over a meat thermometer that was lodged in a crack in the covered walkway between defendant Family Dollar Store #3988 ("Family Dollar")[1] and defendant Domino's Pizza I LLC ("Domino's"). Said businesses were situated adjacent to each other in a shopping center located at 24549 Highway 1 in Plaquemine, Louisiana.
Ms. Lewis testified that shortly after 5 p.m. on the aforementioned date, she left her job at a fast-food restaurant accompanied by Brook Lachney, a co-worker to whom she had offered a ride. Before she dropped Ms. Lachney off, Ms. Lewis elected to stop by Family Dollar in order to purchase some cleaning supplies. Ms. Lewis stated that she parked her van "middle ways in the parking lot," and as she and Ms. Lachney walked towards the store's entrance, Ms. Lewis noticed a large 18-wheel truck parked in the fire lane in front of Family Dollar. It was later determined that the truck, which was emblazoned with "Domino's Pizza" on its side, was, at the time, delivering pizza supplies to the Domino's location adjacent to Family Dollar. As the truck was parked directly in front of Family Dollar, Ms. Lewis testified that she and Ms. Lachney were forced to walk around the front of the truck in order to reach the covered walkway in front of Family Dollar.
Ms. Lewis testified that as she and Ms. Lachney approached the entrance to Family Dollar, her attention was directed to the merchandise displayed in the storefront windows. While walking in front of Family Dollar, Ms. Lewis claimed that she suddenly and without warning tripped on an object that caused her to fall to the ground, injuring her knees and back. Ms. Lewis testified that she immediately turned to the area around her and noticed an analog meat thermometer that was protruding from a crack in the pavement of the walkway.
After being assisted to her feet by Ms. Lachney, Ms. Lewis testified that she brought the thermometer with her into Family Dollar where she spoke to a manager to whom Ms. Lewis gave her name and telephone number. In the meantime, Ms. Lachney retrieved the needed cleaning supplies and met Ms. Lewis at the check-out counter of the store. Visibly upset, Ms. Lewis testified that she related what had happened to Diana Mitchell Jackson ("Ms. Mitchell"), who was an employee of Family Dollar at the time.
Ms. Lewis stated that Ms. Mitchell had exclaimed that she had witnessed the driver of the Domino's delivery truck drop the analog thermometer from his pocket earlier that day. Ms. Lewis further testified that she thereafter went next door where she spoke to the manager of the Domino's franchise. According to Ms. Lewis, the Domino's manager did not ask for her name, or whether she needed medical attention, but rather gave her the impression that he did not care.
Ms. Lewis later received treatment at Baton Rouge Physical Therapy, Health Diagnostic and Louisiana Orthopedic & Spine Institute for the injuries she sustained as a result of this accident. Ultimately, Dr. F. Allen Johnston performed A.C.L. reconstruction or knee replacement upon Ms. Lewis on September 1, 2005 and assigned Ms. Lewis a 30 percent permanent impairment of her left knee.

ACTION OF THE TRIAL COURT
Domino's compromised and settled its portion of this claim with Ms. Lewis prior to trial. This matter proceeded to trial thereafter against Family Dollar before a twelve-person jury on September 20-22, 2005. After listening to the testimony and weighing the evidence presented by both sides, the jury returned a verdict in favor of Ms. Lewis, finding that the defendants were 75 percent at fault (50 percent fault assigned to Domino's and 25 percent fault assigned to Family Dollar). The jury also found Ms. Lewis to be 25 percent responsible for her own injuries based upon comparative fault. The jury awarded damages totaling $114,299.74; however, this sum was reduced by the degree of fault attributable to Ms. Lewis.
From this judgment, Ms. Lewis filed a Rule for Additur and in the alternative, a Motion for New Trial. Following the trial court's denial of her post-trial motions, Ms. Lewis has appealed.

ISSUES PRESENTED FOR REVIEW
In connection with her appeal from the verdict returned by the jury, Ms. Lewis presents the following issues for review and consideration by this court:
1. Under the Louisiana Comparative Fault Scheme, did the jury err in only apportioning 25% fault to the defendant, and subsequently awarding grossly insufficient damages?
2. Under Louisiana Personal Injury Law, were the damages awarded to the plaintiff in the amount of $114,299.74 sufficient?
In addition, defendant Family Dollar has, in its brief to this court, set forth the following additional issues for review and consideration by this court:
1. Whether the defendant, Family Dollar Store, had a duty to protect the plaintiff from an unforeseen event caused by an unrelated third party; if such a duty existed, whether such a duty was breached by Family Dollar.
2. Whether the allocation of fault was within the broad discretion afforded the trier of fact considering that the plaintiff failed to observe an open and obvious condition.
3. Whether the damages awarded to the plaintiff were within the discretion of the jury in light of the peculiar facts of this case.
Although Family Dollar asserts in its reply brief to this court that it "has filed its own appeal as well as answering the appeal of [Ms. Lewis]," no such pleadings appear in the record of this matter. A party who has not appealed or answered the appeal may not seek to have the trial court's judgment modified in its favor. Pierre v. Pierre, 04-1496, p. 6 (La. App. 1 Cir. 12/30/04), 898 So.2d 419, 424, writ denied, 05-0253 (La. 2/16/05), 896 So.2d 11. See also, La. Code Civ. P. art. 2133.

STANDARD OF REVIEW
It is well settled that the allocation of fault is a factual matter within the sound discretion of the trier of fact and will not be disturbed on appeal in the absence of manifest error. Birdsall v. Regional Electric & Construction, Inc., 97-0712, p. 4 (La. App. 1 Cir. 4/8/98), 710 So.2d 1164, 1168. If an appellate court finds a clearly wrong apportionment of fault, it should adjust the award, but then only to the extent of lowering or raising it to the highest or lowest point respectively that is reasonably within the trial court's discretion. Clement v. Fry, 95-1119, 95-1163, pp. 7-8 (La. 1/16/96), 666 So.2d 607, 611. However, when there is evidence before the trial court that, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, the appellate court should not disturb this finding absent manifest error. Adams v. Parish of East Baton Rouge, XXXX-XXXX, p. 23 (La. App. 1 Cir. 11/14/01), 804 So.2d 679, 698, writ denied, XXXX-XXXX (La. 4/19/02), 813 So.2d 1090. The manifest error standard demands great deference to the trier of fact's findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the trier of fact. La. Civ. Code art. 2324.1. The standard for appellate review of general damage awards is set forth in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), wherein the Louisiana Supreme Court stated that "the discretion vested in the trier of fact is `great,' and even vast, so that the appellate court should rarely disturb an award of general damages." The appellate court's initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Youn, 623 So.2d at 1260. The role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Millican v. Ponds, 99-1052, p. 6 (La. App. 1 Cir. 6/23/00), 762 So.2d 1188, 1192. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration. Youn, 623 So.2d at 1260.

DISCUSSION
In connection with her appeal in this matter, Ms. Lewis has requested that this court consider whether the jury erred in apportioning only 25 percent fault to Family Dollar, and also whether the jury's award of $114,299.74 in damages to Ms. Lewis was sufficient compensation for the injuries that she sustained.
In support of her contention that the 25 percent fault that the jury assigned to Family Dollar was insufficient, Ms. Lewis contends that inasmuch as it failed to insure that hazardous debris had been removed from the walkway that it had a duty to maintain, Family Dollar should have been apportioned a greater degree of fault. In support of this contention, Ms. Lewis points to the trial testimony of Brian Gum, the local district manager for Family Dollar. Mr. Gum confirmed that based upon Family Dollar's policy and procedures manual, store managers are responsible for not only the walkway in front of the store but the parking lot as well. Additionally, employees are directed to pay special attention to the sidewalk area in front where customers enter and exit the store. Mr. Gum cautioned however that most stores have two to three people working at one time and it is not possible to stand outside and pick up everything that touches the ground. Mr. Gum concluded that where employees see an obvious safety hazard, it should be picked up. With respect to the facts of this case, Mr. Gum testified that having seen the Domino's driver drop items from his pocket and thereafter stoop to retrieve them, it was reasonable for Ms. Mitchell to assume that he picked up everything that he had dropped.
In written reasons for its denial of Ms. Lewis' request for additur or for a new trial, the trial court noted that:
Based on conflicting testimony, the jury was able to weigh the evidence, testimony and facts and rendered a decision which is not contrary to law and clearly not inadequate. Further in the case at bar, there was some conflicting testimony as to whether the injury sustained by [Ms. Lewis] was the reason she discontinued working or whether she failed to return to work because of deficient work habits which the jury considered in returning its verdict. Moreover the jury award of $114,299.74 to Ms. Lewis is consistent with current jurisprudence. The award granted in favor of [Ms. Lewis] is congruent with other awards given for similar injuries.
Upon our review of the record in this matter, we decline to say that the jury's apportionment of fault was manifestly erroneous or that the quantum of damages amounted to an abuse of the much discretion afforded a trier of fact. The issues raised by Ms. Lewis are without merit.

CONCLUSION
For the foregoing reasons the judgment of the trial court is hereby affirmed. All costs associated with this appeal shall be assessed against the plaintiff in this matter, Jodie G. Lewis.
AFFIRMED.
NOTES
[1] In its answer to the suit filed by Ms. Lewis, defendant Family Dollar asserted that the proper name of said defendant is Family Dollar Stores of Louisiana, Inc.