McCLENDON, J.,
dissents and assigns reasons.
_JjThe allocation of fault is a factual matter within the sound discretion of the trier of fact and will not be disturbed on appeal in the absence of manifest error. Great West Cas. Co. v. State ex rel. Dept. of Transp. and Dev., 06-1776 (La.App. 1 Cir. 3/28/07), 960 So.2d 973, 978, writ denied, 07-1227 (La.9/14/07), 963 So.2d 1005. Although Ms. Rudzis was presumed to be at fault for rear-ending Ms. Roberts’ vehicle, I cannot conclude that the trial court was manifestly erroneous in assigning fault to Mr. Fischer. Mr. Fischer abruptly left *612 the roadway with a sudden maneuver in order to prevent him from striking Ms. Roberts’ vehicle. Clearly, Mr. Fischer was following Ms. Roberts’ vehicle too closely and in a careless manner insofar as he failed to maintain control of his vehicle within its lane of travel. See LSA-R.S. 32:81(A) and 32:58. Also, Ms. Chachere testified that prior to Mr. Fischer leaving the roadway, she could not see Ms. Roberts’ vehicle because the view was blocked by Mr. Fischer’s vehicle, which was larger than Ms. Rudzis’ vehicle. Given the facts presented to the trial court, I do not agree with the majority’s conclusion that Mr. Fischer’s actions were not “a substantial factor in bringing about the harm to Roberts.” Accordingly, while I agree that the trial court committed manifest error in failing to assign any fault to Ms. Rudzis, I dissent to the extent that the majority fails to |2apportion a percentage of fault to Mr. Fischer. Based on the evidence presented, I would have assessed a percentage of fault to both Mr. Fischer and Ms. Rudzis.