STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**18-725**

ARTHUR ETIENNE, JR.

VERSUS

C. THOMPSON AUTOMOTIVE, INC., ET AL

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, No. 2014-0446
HONORABLE EDWARD RUBIN, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry,
Judges.

**AFFIRMED.**

**Joslyn Renee Alex**
**Alex & Associates**
**227 Rees Street**
**Breaux Bridge, LA 70517**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        Arthur Etienne, Jr.

**Kristin L. Beckman**
**BARASSO USDIN KUPPERMAN**
  **FREEMAN & SARVER, LLC**
**909 Poydras Street, 24th Floor**
**New Orleans, LA 70112**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  Peerless Insurance Company

**PERRY**, Judge.

The plaintiff, Arthur Etienne, Jr. ("Etienne"), appeals the adequacy of the general damages the trial court awarded him on a judgment by default. Finding no abuse of discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 27, 2013, Etienne was involved in a motorcycle accident. Within a year of the accident, Etienne filed suit against C. Thompson Automotive, Inc. ("Thompson Automotive"), contending Thompson Automotive defectively manufactured his motorcycle and he suffered injuries as a result of that manufacturing defect. In his initial petition, Etienne alleged that Thompson Automotive had a liability policy with "XYZ Insurance Company." Later, Etienne amended his petition, replacing "XYZ Insurance Company" with Peerless Insurance Company ("Peerless"). Service was made on Thompson Automotive and Peerless through Louisiana's long-arm statute, on June 2, 2014 and October 21, 2014, respectively.

On February 9, 2017, Etienne moved for a preliminary default against Thompson Automotive and Peerless. Later, on February 26, 2018, the trial court entered a final default judgment against both Thompson Automotive and Peerless. After hearing Etienne's testimony about the circumstances of his accident and his injuries, the trial court awarded general damages of $7,000.00 and medical expenses of $2,219.12 but declined to award damages for lost wages because it was "not satisfied that [Etienne] met [his] burden."

On April 23, 2018, Etienne timely filed a motion for appeal. Peerless filed an answer to Etienne's appeal on October 15, 2018.

## TIMELINESS OF PEERLESS'S ANSWER TO THE APPEAL

At the outset, we must determine if Peerless timely filed its answer to the appeal.

Louisiana Code of Civil Procedure Article 2133 provides that an appellee seeking to have the judgment modified, revised, or reversed must file an answer to the appeal not later than fifteen days after the return date or the lodging of the record, whichever is later. This court mailed a notice of lodging to the parties on September 17, 2018, making the answer due on October 2, 2018.

Alternatively, the answer was due within fifteen days of the return date, which the trial court set "according to law." The timing of the return date is governed by La.Code Civ.P. art. 2125, which provides that when there is testimony to be transcribed, the return date is forty-five days from the date *estimated* costs are paid. As the Deputy Appeals Clerk for Acadia Parish confirmed in correspondence to this court, Etienne paid the estimated costs on July 8, 2018. As a result, the return date was August 23, 2018, and Peerless had fifteen days within which to file its answer to appeal or until September 7, 2018.[1]

Peerless's answer was filed on October 12, 2018, long after the two dates provided in La.Code Civ.P. art. 2125. Accordingly, Peerless's answer to the appeal was untimely. Therefore, Peereless's answer is dismissed and stricken from the record.

---

[1] In its answer to the appeal, Peerless confuses the payment of estimated costs, the triggering date specified in La.Code Civ.P. art. 2125, with the date Etienne paid the filing fee to this court for his appeal. It is the payment of *estimated costs* tendered in the trial court that begins that computation, not the date payment of the cost of appeal was made, a fixed cost paid to this court.

# DAMAGE AWARDS

Etienne appealed the trial court's general damage award, arguing the court abused its discretion in fixing the general damage award at $7,000.00 and in rejecting his claim for lost wages.

In *Bouquet v. Wal-Mart Stores, Inc.*, 08-0309, pp. 4-5 (La. 4/4/08), 979 So.2d 456, 458–59, the court addressed the methodology for the appellate review of general damages made under the provisions of La.Civ.Code art. 2324.1,[2] as follows:

> General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. *Duncan v. Kansas City So. Ry., Co.*, 00-0066, p.13 (La. 10/30/00), 773 So.2d 670, 682; *Boswell v. Roy O. Martin Lumber Co., Inc.*, 363 So.2d 506, 507 (La.1978); *Anderson v. Welding Testing Lab., Inc.,* 304 So.2d 351, 352 (La.1974) . . . .

> The standard of review applicable to a general damages award is the abuse of discretion standard. *Anderson*, 304 So.2d at 353; *Coco v. Winston Indus., Inc.*, 341 So.2d 332, 335 (La.1976). The trier of fact is afforded much discretion in assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. *Duncan*, 00-0066, p. 13, 773 So.2d at 682 ("Vast discretion is accorded the trier of fact in fixing general damage awards."); *Anderson v. New Orleans Pub. Serv., Inc.*, 583 So.2d 829, 834 (La.1991). An appellate court may disturb a damages award only after an articulated analysis of the facts reveals an abuse of discretion. *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993); *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), cert denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The role of an appellate court in reviewing a general damages award is not to decide what it considers to be an appropriate award but rather to review the exercise of discretion by the trier of fact. *Duncan*, 00-0066, p. 13, 773 So.2d at 682-83; *Youn*, 623 So.2d at 1260. To determine whether the fact finder has abused its discretion, the reviewing court looks first to the facts and circumstances of the particular case. *Theriot*, 625 So.2d at 1340; *Youn*, 623 So.2d at 1261.

> Only if a review of the facts reveals an abuse of discretion, is it appropriate for the appellate court to resort to a review of prior similar awards. *Duncan*, 00-0066, p. 14, 773 So.2d at 683; *Cone v. Nat'l Emergency Serv. Inc.*, 99-0934, p. 8 (La. 10/29/99), 747 So.2d 1085,

---

[2] La.Civ.Code art. 2324.1 provides, "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury."

1089; *Youn*, 623 So.2d at 1261. In a review of the facts, the test is whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries. *Theriot*, 625 So.2d at 1340; *Reck v. Stevens*, 373 So.2d 498, 501 (La. 1979). Prior awards, however, are only a guide. *Theriot*, 625 So.2d at 1340.

Lastly, "[t]he issue of whether the amount of damages awarded conflicts with similar awards only arises once it has been ascertained that the [judge or] jury abused its discretion in determining the amount of damages awarded." *Miller v. LAMMICO*, 07-1352, p. 29 (La. 1/16/08), 973 So.2d 693, 711.

At the confirmation hearing, Etienne testified that on July 27, 2013, he was operating a 2002 Hayabusa motorcycle on Interstate 10 in Acadia Parish when the back end of the motorcycle dislodged and dropped as he was travelling between 55 and 60 miles per hour. Etienne lost control of the motorcycle and was ejected.

Etienne testified that after the accident, he was treated at the Jennings American Legion Hospital emergency room. X-rays taken at that time showed Etienne suffered a closed fracture of the left clavicle; in Etienne's words, "[t]hey found out that my left shoulder had separated a little bit." He was also treated for an abrasion of the left elbow. After dressing the left elbow abrasion, the nursing staff applied a clavicle strap with sling to Etienne's left arm, he was discharged, and told to take Tylenol as needed for pain.

Approximately three days after Etienne's hospital discharge, Dr. Michael R. Holland, Etienne's family physician, treated his injuries. Dr. Holland examined and treated Etienne five times between July 30, 2013 and October 1, 2014. As Etienne testified, Dr. Holland explained that his injuries would heal on their own.

As to continuing pain, Etienne testified at the confirmation hearing that: his left side bothers him; the scars on his arm healed; and laying on his left side still bothers him. Based upon this testimony, Etienne suggests, without elaboration and

4

comparison to past awards for truly similar injuries, that the trial court's award of $7,000.00 is greatly disproportionate. Rather, he argued to the trial court and again before us that an award of $70,000.00 would have been more appropriate.

After carefully reviewing Etienne's testimony, it is abundantly clear his shoulder injury did not require surgery or any similar medical treatment. To the contrary, the shoulder healed on its own and Etienne treated his pain with over-the-counter medication. Under these facts, a general damage award of $7,000.00 was appropriate and well within the discretion of the trial court.

Next, Etienne contends the trial court erred in rejecting his claim for lost wages. Relying on *Birdsall v. Regional Electric & Construction*, *Inc.*, 97-0712 (La.App. 1 Cir. 4/8/98), 710 So.2d 1164, he argues that a plaintiff's own testimony can establish a claim for lost wages.

It is well established that the trial court has broad discretion in ascertaining a claim for lost wages and such an award cannot be made if the record does not support it. *Driscoll v. Stucker*, 04-0589 (La. 1/19/05), 893 So.2d 32. Under well established jurisprudence, the plaintiff has the burden of proving by a preponderance of the evidence not only that the defendant's negligence harmed him, but also that he has lost wages because of that negligence. *Boyette v. United Servs. Auto. Ass'n*, 00-1918 (La. 4/3/01), 783 So.2d 1276. "[P]roof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not." *Jordan v. Travelers Ins. Co.*, 245 So. 2d 151, 155 (La.1971). It is the plaintiff's burden to establish "the length of time missed from work" and must "prove past lost earnings." *Mathews v. Dousay*, 96-858, p. 15 (La.App. 3 Cir. 1/15/97), 689 So.2d 503, 513. This court has also recognized that a plaintiff's uncorroborated, self-

5

serving testimony may not necessarily be sufficient to support an award of lost wages. *Id.*

At the confirmation hearing, Etienne's testimony showed that he is self-employed as the owner of a detail shop. He said he immediately returned to work, and he was always on location at the shop, but there was not much he could do for a couple of months. Nonetheless, Etienne said his father works full-time with him, and his son and his nephew work part-time; they all worked with him after his injury. Finally, he testified his detail shop generates income of about $1,500.00 to $2,000.00 a week.

When we review this testimony, it is evident the trial court was presented with no evidence that Etienne lost any earnings after the accident. Although Etienne described his business in some detail, there was no testimony his detail shop ever generated income after his accident less than what he earned prior thereto. Accordingly, we find the trial court did not abuse its discretion in rejecting Etienne's claim for lost wages.

## DISPOSITION

For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed equally to Etienne and Peerless.

**AFFIRMED.**