NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-780 consolidated with CA 18-781

ALVIN MINIX AND GWENDOLYN MINIX

VERSUS

GEICO CASUALTY COMPANY, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 201710532
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.

Lauren C. Begnaud
Caffery, Oubre, Campbell & Garrison
100 E. Vermilion Street, Suite 201
Lafayette, LA 70501
(337) 232-6581
COUNSEL FOR DEFENDANT/APPELLEE:
     Louisiana Farm Bureau Casualty Insurance Company

Floyd A. Buras, III
Law Office of Jazmine Duarte
4000 S. Sherwood Forest Blvd., Suite 403
Baton Rouge, LA 70816
(225) 368-1494
COUNSEL FOR DEFENDANTS/APPELLANTS:
     GEICO Casualty Company
     Devin Vidrine

Kimmier L. Paul
Morris Bart, LLC
601 Poydras Street, 24th Floor
New Orleans, LA 70130
(504) 599-3329
COUNSEL FOR PLAINTIFFS/APPELLEES:
     Alvin Minix
     Gwendolyn Minix

**EZELL, Judge.**

Devin Vidrine and GEICO Casualty Company appeal the decision of the trial court below holding Mr. Vidrine to be 100% liable in an auto accident between himself and plaintiff Alvin Minix. For the following reasons, we hereby affirm the decision of the trial court.

On October 22, 2016, Mr. Minix was driving westbound on Highway 90 in Rayne. He noticed the car in front of him, driven by Mr. Vidrine, pull to the shoulder of the road. As he approached, Mr. Vidrine's vehicle quickly pulled back onto the roadway, executing a very wide left turn directly in front of Mr. Minix. Mr. Minix was unable to stop his vehicle in time and crashed into the rear driver's-side quarter panel of Mr. Vidrine's car.

Mr. Minix filed the current suit, which was consolidated with a suit by his insurer, Farm Bureau, against Mr. Vidrine and his insurer, GEICO. The trial court below found Mr. Vidrine to be 100% liable for the accident and awarded Mr. Minix and his wife, Gwendolyn, $34,840.17 in damages.[1] From that decision, Mr. Vidrine and GEICO appeal.

On appeal, Mr. Vidrine and GEICO assert two assignments of error. They claim that the trial court erred in finding Mr. Minix free from fault in the accident, and in failing to apply comparative fault. Because we find these assignments of error to overlap so much, we will address them together. Mr. Vidrine and GEICO do not challenge the amount of damages awarded.

"It is well settled that the allocation of fault is a factual matter within the sound discretion of the trier of fact and will not be disturbed on appeal in the

---

[1] Of this total amount, $2,227.17 was awarded to Farm Bureau for its subrogation claim for the damages to Mr. Minix's vehicle and $8,000.00 was awarded to Mrs. Minix for loss of consortium.

absence of manifest error." *Great West Cas. Co. v. State ex rel. Dep't of Transp. & Dev.*, 06-1776, 06-1777, p. 7 (La.App. 1 Cir. 3/28/07), 960 So.2d 973, 977-78, *writ denied*, 07-1227 (La. 9/14/07), 963 So.2d 1005. If an appellate court finds that the apportionment of fault is clearly wrong, it should adjust the award, but then only to the extent of lowering or raising it to the highest or lowest point respectively that is reasonably within the trial court's discretion. *Id*. However, when there is evidence before the trial court that furnishes a reasonable factual basis for the trial court's finding, the appellate court should not disturb this finding absent manifest error.

The Louisiana Supreme Court has instructed that in allocating fault between the parties, the trier-of-fact is bound to consider the nature of each party's wrongful conduct and the extent of the causal relationship between that conduct and the damages claimed. *Watson v. State Farm Fire & Cas. Ins. Co.*, 469 So.2d 967 (La.1985). In assessing the nature of the parties' conduct, factors that may influence the degree of fault allocated include:

> (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances that might require the actor to proceed in haste, without proper thought.

*Id.* at 974. These factors also guide an appellate court's determination as to the highest or lowest percentage of fault that could reasonably be assessed to each party. *Clement v. Frey*, 95-1119, 95-1163 (La. 1/16/96), 666 So.2d 607. We must be mindful that the allocation of fault is not an exact science, or the search for one precise ratio, but rather an acceptable range, and that any allocation by the factfinder within that range cannot be "clearly wrong." *See Id.*

2

Moreover, a trial court is in a better position to make credibility determinations, as it has the benefit of examining the nuances of a witness's testimony and demeanor. *Lopez v. Lopez*, 00-660 (La.App. 3 Cir. 11/2/00), 772 So.2d 364.

> [W]here the findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of fact. Where the factfinder's [sic] determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous.

*Snider v. Louisiana Med. Mut. Ins. Co.*, 13-579, p. 20 (La. 12/10/13), 130 So.3d 922, 938.

Mr. Minix testified that Mr. Vidrine pulled completely onto the shoulder of the road before executing a U-turn directly into his path, with all four tires past the fog line. This testimony is backed by that of his sister, Cutrese Charles, who was following directly behind Mr. Minix at the time of the accident. Officer Trevor Meche, who investigated the accident, testified that Mr. Minix stated at the scene that he saw Mr. Vidrine on the side of the road, and that he pulled out directly in front of him, further corroborating Mr. Minix's testimony. Officer Meche further stated that Mr. Vidrine told him that he veered to the side of the road before turning back into the roadway to make a left turn. Both Mr. Minix and Mrs. Charles testified that Mr. Vidrine admitted fault at the scene, with Mrs. Charles indicating that he stated that he was a truck driver and that he "knew better." Mr. Vidrine did not testify and did not rebut these assertions. The only witness put on by Mr. Vidrine was his grandfather, Bobby Prejean, who testified that he heard, but did not see, Mr. Vidrine use a blinker and that Mr. Vidrine did not fully cross the fog line before re-entering the roadway.

Although Mr. Vidrine tries on appeal to apply presumptions pertaining to rear-end collisions to this accident, pictures of Mr. Vidrine's car show that it was struck in the rear driver's side quarter-panel, indicating that he was perpendicular to the travel lane when he was struck. This is in line with the testimony above that Mr. Vidrine was making a wide left turn or U-turn from the shoulder when he was struck. Furthermore, video of the accident shows Mr. Vidrine swing wide into the shoulder before making what would at best be a left turn. It is clear from the testimony and video that Mr. Vidrine was executing a left turn well beyond a normal ninety-degree left turn, as he had to make a near U-turn to get into the parking spaces he was travelling toward. It is well-settled jurisprudence in this state:

> that a motorist who attempts to make a left turn from a public highway is required to ascertain in advance that the way is clear and that the turn can be made safely and without endangering oncoming or overtaking vehicles and he must yield the right of way to such vehicles.

*Lang v. Cage*, 554 So.2d 1312, 1316 (La.App. 1 Cir. 1989), *writ denied*, 558 So.2d 605 (La.1990). "The failure of a left turning motorist to make such a determination and to exercise the required degree of caution before undertaking to make such a turn constitutes negligence." *Id.* (citing *Plaisance v. Epherson*, 466 So.2d 485 (La.App. 5 Cir. 1985); *Ryder v. Trisler*, 367 So.2d 1257 (La.App. 3 Cir.1979)).

The video in evidence shows Mr. Minix proceeded to drift to the center of the roadway to overtake and avoid Mr. Vidrine, who had moved to the shoulder to slow down. The video clearly shows Mr. Vidrine turning left, into Mr. Minix, which would be negligence as noted above. While Mr. Prejean stated that he heard a blinker, Mr. Minix testified that he did not see one indicating a left turn. It is

4

clear from a reading of the record and the written reasons for judgment that the trial court found Mr. Minix and his witnesses to be credible and that Mr. Prejean was not. As the trial court's determination was based on its decision to credit the testimony of Mr. Minix over that of Mr. Prejean, that finding can virtually never be manifestly erroneous.

Additionally, the unchallenged testimony that Mr. Vidrine admitted fault at the scene and that he was a truck driver, which would indicate superior capacities than an ordinary driver, further indicate increased fault on his part.

While Mr. Vidrine asserts that the trial court committed legal error in failing to apply Louisiana's comparative fault law, it is clear from the record that the trial court simply made a fault allocation that found him completely at fault for the accident. Based on the record before this court, we can find no error in that allocation.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Vidrine and GEICO.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.