817 So.2d 144 (2002)
Danette C. Dauphin and David M. DAUPHIN, Individually and as Natural Tutors of Their Minor Children, Lisa Faber and Lukas Dauphin
v.
LAFAYETTE INSURANCE COMPANY, The Nacher Corporation and James L. Davis, II.
No. 01-1236.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
*145 Mark E. Stipe, Perret Doise, APLC, Lafayette, LA, Counsel for Defendant/Appellant Louisiana Farm Bureau Casualty Insurance Company.
Janice M. Reeves, Onebane, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, LA, Counsel for Defendant/Appellee Lafayette Insurance Company, The Nacher Corporation and James L. Davis, II.
J. Clemille Simon, Attorney At Law, Lafayette, LA, Counsel for Plaintiffs/Appellees Danette C. Dauphin and David M. Dauphin, individually and as natural tutors of their minor children, Lisa Faber and Lukas Dauphin.
Court composed of Chief Judge NED E. DOUCET, JR., HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
YELVERTON, J.
Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau) appeals a trial court judgment finding that (1) it was not subrogated to its insured's rights against the tortfeasor and his insurer, and (2) it was not entitled to payment from the tortfeasor and his insurer based on Louisiana Civil Code Article 2302.

FACTS
Danette Dauphin's car was rear-ended by James Davis' truck as she was traveling home on April 25, 1997. She was injured and had medical expenses, and the car she was driving was totaled. The car, titled in her husband's name, was covered by a policy of insurance issued by Farm Bureau. The Farm Bureau policy provided coverage for medical benefits, disability income, and collision damages. Dauphin was listed as an insured on the policy.
The driver of the truck, Davis, was in the course and scope of his employment with The Nacher Corporation. A policy of liability insurance issued by Lafayette Insurance Company (LIC) was in effect insuring The Nacher Corporation. (These three parties will hereafter most often be referred to as "Davis and LIC.")
The dispute in this appeal concerns the payment of property damages to the Dauphins for their car and the collision insurer's claim based on subrogation. The dispute *146 is between Farm Bureau and LIC. Both insurers ended up paying the Dauphins for their property damage. Farm Bureau paid it not knowing that LIC had already paid it.
It happened as follows: On June 2, 1997, following written demand, LIC issued a check to David and Danette Dauphin and their attorney in the amount of $9,425 with the notation that it was in payment of "PD" (meaning property damage). The check was accepted and deposited by the Dauphins two weeks later. In September 1997 the Dauphins filed suit against Davis and LIC in the City Court of Lafayette for property damages, alleging that the property damages exceeded $9,425. This suit has not gone forward as far as our record is concerned.
On October 2, 1997, Farm Bureau, believing, mistakenly, that the tortfeasor, Davis, and LIC had not yet paid any property damages, issued a check to David Dauphin in the amount of $9,121, which was Farm Bureau's calculation of property damages less the $200 collision coverage deductible. The Dauphins accepted this check and cashed it.
Farm Bureau later filed suit against Davis and LIC, alleging that it was subrogated to the Dauphins' claims for the amounts it paid them. By then, Farm Bureau had paid the Dauphins its $5,000 limit on medical payments, some disability benefits, and $9,121 for the property damage. In demanding recovery by subrogation for these amounts, Farm Bureau reduced its property damage subrogation to $8,371, which was its payment of $9,121 reduced by $750, the amount it received for salvage for the Dauphin car.
Dauphin and her husband filed a suit in district court against Davis and LIC for certain damages. This suit made no demand for property damages.
The Dauphin suit and the Farm Bureau subrogation suit were consolidated. During the pendency of the consolidated cases it appears from the testimony of the Dauphins that they filed for bankruptcy.
Before the consolidated actions went to trial on damages, partial summary judgment was granted in favor of the Dauphins, finding Davis 100% at fault for the accident. Another partial summary judgment was rendered in favor of Davis and LIC, dismissing Farm Bureau's subrogation claim for property damages. This latter judgment was not designated as a final judgment and was reconsidered at the trial on the merits, but it was left unchanged. The final judgment dismissing Farm Bureau's subrogation claim for property damages is the judgment now on appeal.
The judgment recognized that Farm Bureau was subrogated to the extent of its payments under the medical and disability coverage. In ruling on Farm Bureau's subrogation rights regarding the payment of property damages, the trial court reasoned that Farm Bureau was subrogated, alright, to the rights of the Dauphins, but when Farm Bureau paid the Dauphins they had already been paid $9,425 for their property damages; their claim for property damages was therefore subject to a credit for $9,425, which was more than Farm Bureau subsequently paid; and Farm Bureau, being unable to acquire any greater rights than their subrogors had, acquired a claim for $8,371 subject to a credit for $9,425. Farm Bureau, therefore, could not collect anything from LIC by way of subrogation. Instead, the trial court rendered judgment in favor of Farm Bureau and against the Dauphins for restitution in the amount of $8,371.
The Dauphins did not appeal. Farm Bureau appealed assigning error to the failure of the trial court to render judgment *147 finding Davis and LIC liable to it for property damages by virtue of its subrogation. Farm Bureau also assigns error to the trial judge's denial of its recovery against Davis and LIC under the provisions of Louisiana Civil Code of Procedure Article 2302.
For the following reasons, we find no merit to either of these assignments. We affirm the judgment of the trial court.

SUBROGATION
Farm Bureau maintains that because of the subrogation clause in its insurance contract with the Dauphins, and because of its payment of the property damages, it stepped into the Dauphins' shoes as subrogee and was entitled to reimbursement by Davis, the true debtor, and his insurer, LIC. As we understand Farm Bureau's argument, it is that the amount of property damages has never been determined, judicially or otherwise; that there is a pending suit in the Lafayette City Court alleging that the damages exceed the payment by LIC of $9,425; and that, therefore, its subrogation rights should be recognized to the extent of $8,371 because the true damages may be found to be more than what it has paid.
Our analysis of the subrogation status of Farm Bureau's claim is that it never acquired any subrogation rights regarding property damages. Under the rules governing imputation of payments, Louisiana Civil Code Articles 1864, et seq., it can be inferred from the circumstances that both Farm Bureau and LIC intended to pay what each regarded as the undisputed portion of the debt. Their calculations, which differed only slightly, were amounts that they each regarded as the undisputed extent of property damage to the Dauphins' 1993 Chevrolet Lumina. When Farm Bureau paid the Dauphins' property damages, after LIC had already paid the same property damages, it paid an obligation that had already been extinguished by payment. With respect to the first $9,425 of property damages, the Dauphins had no claim, having been already paid by LIC, and therefore Farm Bureau's later payment of an amount less than the Dauphins had already received did not cause it to be subrogated to any amount. According to Louisiana Civil Code Article 1825, "[s]ubrogation is the substitution of one person to the rights of another." "With subrogation, the insurer stands in the shoes of the insured and acquires the right to assert the actions and rights of the plaintiff...." Barreca v. Cobb, 95-1651, pp. 2-3 (La.2/28/96); 668 So.2d 1129, 1131. "Subrogation is a legal fiction whereby payment by a third person, or from the original debtor with funds provided by a third person, extinguishes an obligation of the original creditor." State Farm Mut. Auto. Ins. Co. v. Berthelot, 98-1011, p. 5 (La.4/13/99); 732 So.2d 1230, 1233. "The third person then steps into the shoes of the original creditor, acquiring the right to assert the actions and rights of the original creditor." Id. Before Farm Bureau paid the Dauphins, the only right to assert a property damage claim that the Dauphins had left was for property damages in excess of $9,425. Paying the same undisputed portion of the debt, Farm Bureau did not become subrogated because to the extent of $9,425 the Dauphins had no right to make a claim against the tortfeasor and LIC.

LOUISIANA CIVIL CODE ARTICLE 2302
The Article reads:
A person who paid the debt of another person in the erroneous belief that he was himself the obligor may reclaim the payment from the obligee. The payment may not be reclaimed to the extent *148 that the obligee, because of the payment, disposed of the instrument or released the securities relating to the claim. In such a case, the person who made the payment has a recourse against the true obligor.
Farm Bureau contends that James Davis, the tortfeasor-true debtor, owed a debt for property damages in an amount not less than $8,371; that Farm Bureau paid that debt; that it was owed by another, James Davis; and that it was paid by Farm Bureau by mistake.
The article does not apply in this matter because Farm Bureau did not pay the debt of another person. Farm Bureau made a payment for the discharge of an obligation that did not then exist. Its payment of $9,121 did not result in the discharge of the debt for $9,425, which had already been paid. "A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist." Louisiana Civil Code Article 2300. Therefore, Farm Bureau's only recourse was to reclaim the payment from the Dauphins. "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." Louisiana Civil Code Article 2299. That is what the trial judge ordered.
For the above reasons, the judgment is affirmed at Appellant's costs.
Our reasons for judgment in both consolidated cases are given in the captioned case. A separate judgment is being handed down today in the other consolidated case, Louisiana Farm Bureau Casualty Insurance Co. v. Lafayette Insurance Co., 01-1237 (La.App. 3 Cir. 2/6/02); 817 So.2d 148.
AFFIRMED.