PETTIGREW, J.
pin this case, plaintiff challenges the trial court’s judgment granting defendant insurance company a credit for a property damage payment previously made to plaintiff. Defendants answered the appeal. For the reasons that follow, we reverse in part and affirm in part.
FACTS AND PROCEDURAL HISTORY
On November 8, 2001, plaintiff, Pamela Rogers, suffered personal injuries and sustained property damages as a result of an automobile accident on Greenwell Springs Road near its intersection with Joor Road in Baton Rouge, Louisiana. Ms. Rogers was traveling eastbound in the left turning lane of Greenwell Springs Road, preparing to turn onto Joor Road. At the same time, defendant, Jimmy Graves, was exiting a parking lot on the south side of Greenwell Springs Road near its intersection with Joor Road. As Mr. Graves was attempting to cross the eastbound left turn lane of Greenwell Springs Road, in order to turn left and proceed westbound on Greenwell Springs Road, he struck the right front corner of Ms. Rogers’ vehicle.
As a result of the accident, Ms. Rogers filed suit against Mr. Graves and his liability insurer, Alstate Insurance Company (hereinafter collectively referred to as defendants). The matter proceeded to a bench trial, following which the trial court rendered judgment in favor of Ms. Rogers and against Alstate, awarding $282.00 in special damages, $2,500.00 in general damages, $6,891.89 in property damage, and $1,534.80 for the diminished value of her vehicle, for a total award of $11,208.19, less a credit for $6,891.89 previously paid by Alstate to Ms. Rogers in its capacity as Ms. Rogers’ collision coverage carrier. Mr. Graves was dismissed from the matter with prejudice. The trial court signed a judgment in accordance with these findings on October 27, 2005.
It is from this judgment that Ms. Rogers appealed, assigning error to the trial court’s action of allowing Alstate a credit for the property damage payment that had previously been made to Ms. Rogers under her own collision insurance policy. Allstate hand Mr. Graves answered the appeal, raising issues regarding the allocation of fault and the amount of damages.[1]
APPLICATION OF COLLATERAL SOURCE RULE
On appeal, Ms. Rogers argues the trial court violated the collateral source rule by allowing Alstate a credit for the property damage payment ($6,891.89) made by her own collision coverage carrier, which also happened to be Alstate. Noting that this property damage payment was made through insurance that she had procured and paid for herself, Ms. Rogers maintains that “[allowing such a credit was in derogation of the collateral source rule and actually expropriated to the defendants the proceeds of insurance coverage for which [she] had paid the premiums.” In response, defendants assert the trial court correctly held the collateral *993 source rule does not mandate double liability to the tortfeasor’s insurer where the injured party and the tortfeasor share the same insurer. Defendants contend Allstate was legally and conventionally subro-gated to Ms. Rogers after Allstate paid her collision damages. Defendants continue in brief, arguing as follows:
Normally, Allstate would have intervened to recover its payments, if Ms. Rogers prevailed on liability. But, Allstate did not intervene in this suit, because it would have been suing itself. Instead, Allstate asserted the affirmative defense of a credit and/or offset in its Answer as the liability insurer of Mr. Graves. That is in accord with the doctrine of confusion expressed in Louisiana Civil Code Article 1903.
Following a thorough review of the record and applicable law, we agree with Ms. Rogers’ argument and find that the trial court committed legal error in not applying the collateral source rule.
The collateral source rule is of common law origin yet it is well-established in the jurisprudence of this state. Louisiana Dep’t of Transp. and Dev. v. Kansas City Southern Ry. Co., 2002-2349, p. 6 (La.5/20/03), 846 So.2d 734, 739. Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiffs tort recovery may not be diminished, because of benefits received by the plaintiff from sources | independent of the tortfeasor’s procuration or contribution. Sutton v. Lambert, 94-2301, p. 14 (La.App. 1 Cir. 6/23/95), 657 So.2d 697, 706, writ denied, 95-1859 (La.11/3/95), 661 So.2d 1384.
According to Restatement (Second) of Torts § 920A (1979):
(1) A payment made by a tortfeasor or by a person acting for him to a person whom he has injured is credited against his tort liability, as are payments made by another who is, or believes he is, subject to the same tort liability.
[2] Payments made to or benefits conferred on the injured party from other sources are not credited against the tortfeasor’s liability, although they cover all or a part of the harm for which the tortfeasor is liable.
Thus, a benefit that is directed to the injured party should not be shifted so as to become a windfall for the tortfeasor, and if the plaintiff was himself responsible for the benefit, as by maintaining his own insurance or by making advantageous employment arrangements, the law allows him to keep it for himself. See Restatement (Second) of Torts § 920A comment b.
At the close of the evidence in the instant case, the trial court rendered judgment from the bench in favor of Ms. Rogers. After the court itemized the damages to be awarded to Ms. Rogers, a question arose as to the property damage payment that had previously been made to Ms. Rogers by Allstate in its capacity as her insurer. This colloquy followed:
MR. FORRESTER: Your honor, the plaintiff did testify that she had been paid for her property damage though. That testimony is undisputed. Allstate paid for her property damage.
MR. SHOWS: Her own insurer paid for her property damages and elected not to subrogate. Under collateral source, that’s a collectible element of her damages.
MR. FORRESTER: Your honor, both insureds were Allstate. Allstate is not going to sue itself to get its money back. So that’s the theory of confusion. You cannot sue yourself to get your money back.
Therefore, the collateral source rule does not apply in this case. And this plaintiff would be recovering twice from *994 the same party and that is clearly not within the law, your honor.
MR. SHOWS: Your honor, Mr. Graves is the at-fault party. It is Mr. Graves that we seek to have cast in judgment, just as in any other collision. If her carrier pays her damages, they have a right of subrogation. If they elect not to exercise it, she still has that loss and under collateral source, she still has the right to recover those damages.
| sThat’s collateral source. It’s a classic collateral source. The fact that, one, Allstate preferred and Allstate assigned, that they didn’t handle this matter as independently and as conflict free as they should have does not mean they are absolved of the effects of the collateral source rule, and we are content to have that judgment against Mr. Graves because it is Mr. Graves’ negligence that brought us here today and for which we sued.
THE COURT: Well, the court is going to render judgment as it outlined, but the court will give Allstate a credit for what it has paid.
MR. SHOWS: Your honor, are they going — I understand that they are entitled to a credit where they waived her $500.00 deductible. But if the court is saying that her own carrier pays her own damages and surcharges her for those damages and she is not then able to recover those back, then the collateral source rule is out the window.
THE COURT: Well, the court might be in error but you will have to ask the first circuit to reverse the court because the court believes it made a legal, wise, and just decision in giving this judgment.
MR. SHOWS: If this had been two different insurers—
THE COURT: Mr. Shows, I am not prepared to debate the issue. The court has rendered judgment in your favor, like it or not. The court believes that it — in the interest of justice and fair place that they should get a credit for what was paid.
Now the judgment is against the defendant and Allstate. If they’ve paid, they should get a credit and the court is going to allow them to have that credit.
MR. SHOWS: But that is just it. Mr. Graves’ carrier has not paid. That is what brought us here. This lady, her own insurance paid—
THE COURT: Well, the judgment is going to be against Mr. Graves and his creditor—
MR. SHOWS: And his creditor?
THE COURT: I’m sorry, and his insurance carrier.
MR. SHOWS: But Mr. Graves is not cast in judgment for the property damage?
THE COURT: Mr, Graves is cast in judgment, counselor. He is cast in judgment, but the insurance carrier is going to get a credit.[2]
MR. SHOWS: Thank you, your hon- or.
| (The only evidence in the record concerning the $6,891.89 property damage payment made to Ms. Rogers by Allstate is the testimony by Ms. Rogers that this *995 payment was made under her own policy of insurance and not by Allstate in its capacity as Mr. Graves’ insurer. The insurance policy between Allstate and Ms. Rogers was not introduced into evidence, nor was there an intervention by Allstate in the suit filed by Ms. Rogers. Moreover, although defendants argue that Allstate was legally subrogated to Ms. Rogers after paying her collision damages (which would have precluded the application of the collateral source rule — See Sutton v. Lambert, 94-2301, p. 15 (La.App. 1 Cir. 6/23/95), 657 So.2d 697, 706, writ denied, 95-1859 (La.11/3/95), 661 So.2d 1384), we note there is no evidence in the record that Allstate, in its capacity as Ms. Rogers’ collision carrier, had any right of subrogation in this case. Accordingly, we find the trial court erred in not applying the collateral source rule. Allstate is not entitled to a credit for the property damage payment made to Ms. Rogers under her collision policy. Thus, we reverse that portion of the judgment that awarded Allstate a credit of $6,891.89.
ALLOCATION OF FAULT
In answering Ms. Rogers’ appeal, defendants contend the trial court’s allocation of 100 percent of the fault to Mr. Graves was manifestly erroneous. Describing Ms. Rogers’ driving as “fairly reckless” and “too fast for the congested conditions,” defendants maintain that she should be assessed at least 75 percent of the fault for causing the accident. We find no merit to this argument.
It is well settled that the allocation of fault is a factual matter within the sound discretion of the trier of fact and will not be disturbed on appeal in the absence of manifest error. Birdsall v. Regional Electric & Construction, Inc., 97-0712, p. 4 (La.App. 1 Cir. 4/8/98), 710 So.2d 1164, 1168. If an appellate court finds a clearly wrong apportionment of fault, it should adjust the award, but then only to the extent of lowering or raising it to the highest or lowest point respectively that is reasonably within the trial court’s discretion. Clement v. Frey, 95-1119, 95-1163, pp. 7-8 (La.1/16/96), |7666 So.2d 607, 611. However, when there is evidence before the trial court that, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court should not disturb this finding absent manifest error. Adams v. Parish of East Baton Rouge, 2000-0424, p. 23 (La.App. 1 Cir. 11/14/01), 804 So.2d 679, 698, writ denied, 2002-0448 (La.4/19/02), 813 So.2d 1090. The manifest error standard demands great deference to the trier of fact’s findings; for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Id.
After hearing from four witnesses who testified about the accident in question, the trial court made the following findings concerning the allocation of fault:
The court finds that an accident occurred in the turning lane on the favored street, the result of a collision between a left-hand driver [sic] exiting a private drive, having been aided and abetted by persons or a person not a party hereto.
The court is of the opinion that petitioner had the right-of-way, and as such was entitled to proceed. Therefore, the court is going to grant judgment as prayed for.
The trial court was presented with two versions of how the accident occurred. Having thoroughly reviewed the testimony *996 concerning the accident, and mindful of the great deference we must afford the trier of fact, we cannot say the trial court’s assessment of fault was error. Considering the record in its entirety, we are satisfied that it reasonably supports the court’s conclusion that Mr. Graves was 100 percent at fault in causing this accident.
CONCLUSION
For the above and foregoing reasons, we reverse that portion of the judgment that awarded Allstate a $6,891.89 credit for the property damage payment made to Ms. Rogers under her collision coverage. In all other respects, the judgment is affirmed. All Iscosts associated with this appeal are assessed against defendants, Allstate Insurance Company and Jimmy Graves.
REVERSED IN PART; AFFIRMED IN PART.
HUGHES, J., concurs.

. In brief to this court, Allstate and Mr. Graves indicated their intent to abandon the issue of quantum on appeal. Thus, there will be no discussion of same herein.

. Although in the trial transcript the court clearly stated Mr. Graves would be cast in judgment, the October 27, 2005 judgment dismissed Mr. Graves from the matter with prejudice. When there is a conflict between the transcript and the judgment, the judgment prevails. See Spiers v. Roye, 2004-2189, p. 8 n. 5 (La.App. 1 Cir. 2/10/06), 927 So.2d 1158, 1163 n. 5 (set aside in part on other grounds on rehearing). Nonetheless, while we note this discrepancy in our review of the record, neither party has raised the issue as error on appeal. Thus, our discussion of same ends here.